DLM

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
PROVIDENCE, RHODE ISLAND

| | |
|---|---|
| MARWAN ELDEEB,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Ph.D., Director, United States Citizenship and Immigration Services; DENIS RIORDAN, District Director of United States Citizenship and Immigration Services, Department of Homeland Security; UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR NATURALIZATION<br><br>CA 07 347S |

1. This is a lawsuit brought by MARWAN ELDEEB, to obtain naturalization by this court pursuant to 8 U.S.C. §1447(b). This court has exclusive jurisdiction to make a determination on his application, since it is more than 120 days since interview by United States Citizenship and Immigration Services. Plaintiff requests that the Court grant his



Gonzalez Law Offices, Inc.
35 Highland Avenue, East Providence, RI 02914
(401)438-3800

naturalization application, and give him his oath of citizenship. He meets all the statutory eligibility requirements for citizenship.

2. Plaintiff has requested a copy of his immigration file, as guaranteed by the Freedom of Information Act ("FOIA"). Defendants have failed to respond to the request and to produce the file within 10 days, as required by law. Plaintiff seeks to compel the disclosure and release of agency records improperly withheld from Plaintiff by Defendants.

**PARTIES**

3. Plaintiff MARWAN ELDEEB is a citizen of Egypt, and has been permanent resident since April 4, 2001. He is married to Lorena De Leon, a naturalized U.S. citizen. He resides in Newport, RI. He seeks an order granting him citizenship and also seeks the release of information requested on his behalf under the Freedom of Information Act.

4. Defendant Alberto Gonzales, Attorney General of the United States, has been conferred the authority to naturalize persons as citizens of the United States by INA § 310(a), 8 U.S.C. § 1421(a), and is sued here in his official capacity.

5. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS"). As of March 1, 2003, DHS is the agency responsible for implementing the Immigration and Nationality Act. Within DHS, the United States Citizenship and Immigration Services ("CIS"), formerly part of the Immigration and Naturalization Service, is now responsible for implementing the provisions under which lawful permanent residents



Gonzalez Law Offices, Inc.
35 Highland Avenue, East Providence, RI 02914
(401)438-3800

can be naturalized and become United States citizens, in particular INA § 310, 8 U.S.C. § 1421, *et. seq.*[1] Respondent Chertoff is sued in his official capacity.

6. Defendant EMILIO T. GONZALEZ, Ph.D., is Director of United States Citizenship and Immigration Services, a component of the Department of Homeland Security. USCIS is now responsible for implementing the provisions under which lawful permanent residents can be naturalized and become United States citizens, in particular INA § 310, 8 U.S.C. § 1421, *et. seq*. Respondent Gonzalez is sued in his official capacity.

7. Defendant DENIS RIORDAN, is the District Director of the Boston District of Citizenship and Immigration Services of the Department of Homeland Security, formerly the Immigration and Naturalization Service, and is sued here in his official capacity. Mr. Riordan has been delegated authority, under 8 C.F.R. § 310.2, to control all activities within the Boston District, including the authority to grant or deny naturalization applications. Respondent Riordan is sued in his official capacity.

8. Defendant Department of Justice is the agency of the United States government that, under the direction of the Attorney General, has exclusive authority over naturalization of citizens.

9. Defendant Department of Homeland Security is the agency of the United States government that is responsible for implementing the citizenship provisions of the law.

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist and its functions were transferred to the newly formed Department of Homeland Security. *See* Homeland Security Act, 116 Stat. 2135, Pub. L. 107-296 (2002). The former INS was divided into three separate agencies, Citizenship and Immigration Services, Immigration and Customs Enforcement,



Gonzalez Law Offices, Inc.
35 Highland Avenue, East Providence, RI 02914
(401)438-3800

10. Defendant United States Citizenship and Immigration Services ("CIS") is the component of Homeland Security that is responsible to process the applications for citizenship of permanent residents.

## JURISDICTION

11. This Court has jurisdiction pursuant to INA § 336(b), 8 U.S.C. § 1447(b) (jurisdiction for hearing on naturalization in certain cases of delay); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 701, the Administrative Procedures Act; 5 U.S.C. § 552(a)(4)(B)(Freedom of Information Act); and 5 U.S.C. § 504, the Equal Access to Justice Act.

## VENUE

12. Venue in the District of Rhode Island is appropriate pursuant to 8 U.S.C. § 1421(c) because Plaintiff resides within the district and the administrative decision delaying Plaintiff's application for naturalization was issued by the Providence Sub-office of the Boston District Office of CIS, located within this district, and because the Freedom of Information Act requests were filed on behalf of Plaintiff while residing in this District.

## STATEMENT OF THE FACTS

13. Plaintiff has been self employed since November of 2000. He owns and operates Maxx, a novelty shop in Newport, RI.

14. Plaintiff filed his N-400 naturalization application with filing fees on February 9, 2004, at the Vermont Service Center, of the CIS. He was fingerprinted by defendants on

---

and Customs and Border Protection. This complaint challenges decisions of Citizenship and


Gonzalez Law Offices, Inc.
35 Highland Avenue, East Providence, RI 02914
(401)438-3800

April 6, 2004. He attended an interview on his naturalization application on June 30, 2004, at the Providence CIS office. He was told at the interview that he had passed the English language, history and government tests, and that he had met the residence requirements and other eligibility requirements. At the June 30, 2004 interview, he was also told that he could not be given final approval and the oath of citizenship until the defendants had completed a "name check." He was not informed, as required by law, of the option to have this court decide his application, pursuant to 8 U.S.C. §1447(b).

15. Plaintiff has met all the eligibility requirements for naturalization. He has met the residence requirements, is of good moral character, is attached to the Constitution, and has passed the English, history and government tests. He has completed the FBI criminal background check and has no disqualifying criminal record.

16. Plaintiff inquired of defendants on numerous occasions about the status of his application, and was told that it was still pending. Plaintiff has taken time off from work on numerous occasions to check on the status of his application. After waiting 1 to 2 hours on each occasion, he was told that his application was still pending, the same answer he had been given every time he inquired since the interview. Counsel has also inquired on numerous occasions only to receive the same answer. Plaintiff has also made inquiries on numerous occasions through the office of Senator Jack Reed. Each time the Senator's office has been informed that the name checks have not been completed.

---

Immigration Services, the component responsible for adjudicating naturalization petitions.



Gonzalez Law Offices, Inc.
35 Highland Avenue, East Providence, RI 02914
(401)438-3800

17. Plaintiff holds a Chief Officer International License since 1995, with no tonnage limitation or area restrictions. Also, he holds a Captain's International License for 1600 gross tonnage since 1998. These licenses allow operation of foreign flag vessels only. In order to operate a U.S. flag vessels Plaintiff must obtain a U.S. Coast Guard License which requires U.S. citizenship. The pay scale for foreign flag vessels is approximately $2,500 to 3,500 per month. The pay scale for U.S. flag vessels is approximately $12,000 to $20,000 per month. The difference in pay scales amounts to $9,500 to $16,500 per month, which represents the ongoing loss of income opportunity that Plaintiff has suffered as a result of the Defendant's failure to approve his U.S. citizenship application. Also, working conditions are significantly worst under foreign flag vessels than under U.S. flag vessels. For these reasons Plaintiff has refrained from working on foreign flag vessels and working within in profession. But for the U.S. citizenship requirement Plaintiff would qualify to apply for U.S. Coast Guard Captain's License. Plaintiff also needs a United States passport to facilitate travel. He also wishes to petition for his aging, ailing parents. Finally, Plaintiff wants to vote in the next federal elections. Plaintiff has been frustrated by the unreasonable delay and has suffered emotionally.

18. Since the date of interview, it has been over 3 years in excess of the 120 day statutory grace period, but CIS has not made a decision on his application, nor has it informed plaintiff of any deficiency in his application.

19. By letter dated August 16, 2007, Plaintiff submitted a Freedom of Information Act request to CIS for a "all of my records" and a "copy of his entire immigration file." To



Gonzalez Law Offices, Inc.
35 Highland Avenue, East Providence, RI 02914
(401)438-3800

date, Defendants have not provided the records requested by Plaintiff, notwithstanding the Freedom of Information Act's requirement of an agency response within 10 working days. 8 C.F.R. § 103.10(c)(1). Plaintiff has been and will continue to be irreparably harmed because of the unreasonable delay of Defendants in providing the information requested under the Freedom of Information Act.

20. Plaintiff has exhausted all administrative remedies that are available to him. Defendants have willfully and unreasonably delayed and have refused to provide Plaintiff with the information requested under the Freedom of Information Act.

21. The delay in responding to Plaintiff's Freedom of Information Act request is not attributable to Plaintiff.

24. The delay in responding to Plaintiff's Freedom of Information Act request is unreasonable in light of the regulatory requirement that a response be made within 10 working days. 8 C.F.R. § 103.10(c)(1).

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. If necessary, order that a hearing take place in this matter;

3. Review de novo and grant the Plaintiff's naturalization application, and administer the Plaintiff his oath of citizenship.



Gonzalez Law Offices, Inc.
35 Highland Avenue, East Providence, RI 02914
(401)438-3800

4. Direct Defendants to promptly issue a Certificate of Naturalization for Plaintiff.

5. Declare Defendants' delay in providing the information requested under the Freedom of Information Act to be unlawful;

5. Order Defendants to provide the information requested under the Freedom of Information Act within a reasonable period.

6. Award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act, and Freedom of Information Act; and

7. Grant any and all further relief this Court deems just and proper.

Dated this 9/8/07

Roberto Gonzalez, Esq.
Gonzalez Law Offices, Inc.
35 Highland Avenue
East Providence, RI 02914-1211
Tel: 401-438-3800
Fax: 401-438-3804
E-mail: Rgonzalez@RobertoGonzalezLaw.com